﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190426-18074
DATE: March 31, 2021

ORDER

A 70 percent disability rating, but no higher, is granted for schizoaffective disorder, bipolar type, subject to the law and regulations governing the award of monetary benefits.

REMANDED

Entitlement to a total disability rating based upon individual unemployability due to service-connected disability (TDIU) is remanded. 

FINDING OF FACT

For the period on appeal, the Veteran’s service-connected schizoaffective disorder, bipolar type was manifested by occupational and social impairment with deficiencies in most areas, without total occupational and social impairment. 

CONCLUSION OF LAW

The criteria for a 70 percent rating, but no higher, for the Veteran’s schizoaffective disorder, bipolar type have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code 9211.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from December 1988 through October 1989. The Veteran was discharged, in part, due to his psychiatric disability symptoms. 

This case comes to the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO), which granted service connection for schizoaffective disorder, bipolar type (hereinafter, “psychiatric disability”) and awarded a 10 percent disability rating. 

In an April 2019 Notice of Disagreement (VA Form 10182), the Veteran disagreed with the 10 percent rating and requested a Board hearing. That hearing was held before a Veterans Law Judge in October 2020. A transcript of the hearing has been associated with the record.

1. Increased rating for psychiatric disability

Disability evaluations are determined by the application of a schedule of ratings, which is, in turn, based on the average impairment of earning capacity caused by a given disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the evaluations to be assigned to the various disabilities.

Where, as in the present case, the appeal arises from the original assignment of a disability evaluation following an award of service connection, the severity of the disability at issue is to be considered during the entire period from the initial assignment of the disability rating to the present time. See Fenderson v. West, 12 Vet. App. 119 (1999). In evaluating a disability, the Board considers the current examination reports in light of the whole recorded history to ensure that the current rating accurately reflects the severity of the condition. If there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

If different disability ratings are warranted for different periods of time over the life of a claim, “staged” ratings may be assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson, supra. In other words, where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibited diverse symptoms meeting the criteria for different ratings during the course of the appeal, the assignment of staged ratings would be necessary.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Board shall resolve reasonable doubt in favor of the claimant. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

The Board has reviewed all the evidence in the Veteran’s claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board’s analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

The Veteran’s psychiatric disability is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.130, Diagnostic Code 9211. Under that code, a 10 percent rating is warranted if the disorder is manifested by occupational and social impairment due to mild or transient symptoms which decrease work efficiency and the ability to perform occupational tasks only during periods of significant stress, or if the symptoms are controlled by continuous medication.

A 30 percent rating is warranted if the disorder is manifested by occupational and social impairment with an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as depressed mood; anxiety; suspiciousness; panic attacks (weekly or less often); chronic sleep impairment; and mild memory loss (such as forgetting names, directions, and recent events).

A 50 percent rating is warranted if the disorder is manifested by occupational and social impairment with reduced reliability and productivity due to such symptoms as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks (more than once a week); difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.

A 70 percent rating is warranted if the disorder is manifested by occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech that is intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and an inability to establish and maintain effective relationships.

The highest available rating, 100 percent, is warranted if the disorder is manifested by total occupational and social impairment due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting oneself or others; an intermittent inability to perform the activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, one’s own occupation, or one’s own name. 38 C.F.R. § 4.130, Diagnostic Codes 9434 and 9413; see also Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002) (indicating that the Secretary’s use of the phrase “such symptoms as,” followed by a list of examples, provides guidance as to the severity of symptoms contemplated for each rating, in addition to permitting consideration of other symptoms, particular to each Veteran and disorder, and the effect of those symptoms on the claimant’s social and work situation).

In this case, the Veteran missed several VA examinations that would have been helpful to the Board’s evaluation of his disability. VA examinations were scheduled in April 2016 and March 2017, but the Veteran did not appear at either examination. As the Board noted in a November 2017 remand, there is no reason to believe that the Veteran would be more cooperative if additional attempts were made to schedule a VA examination. The Board instructed the agency of original jurisdiction to obtain a medical opinion addressing the onset of the Veteran’s schizoaffective disorder in relation to another claimed psychiatric disability. 

Therefore, with regard to the issue of entitlement to an initial compensable rating, there has been substantial compliance with the Board’s November 2017 remand directive not to offer another examination. See Stegall v. West, 11 Vet. App. 268 (1998). Here, the Board must reiterate another point it made in its May 2018 decision regarding the Veteran’s claim for dementia (which was noted to be intertwined with the psychiatric disability claim currently on appeal): the Board has made every reasonable attempt to assist the Veteran in pursuing his claim and must decide the issue on appeal based upon the record. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). 

As noted supra, the Veteran and his representative appeared in an October 2020 videoconference hearing before a Veterans Law Judge. During his testimony, the Veteran referred to ongoing treatment from the Family Service League. Subsequent to the hearing, those records were associated with the Veteran’s claims file and may be considered under the guidelines of evidence submission set forth in 38 C.F.R. § 20.202. 

The Veteran’s treatment records from the Family Service League include an August 2020 assessment which detailed the following psychiatric symptoms: anxiety; depression; paranoid and delusional thoughts; agitation; poor insight; difficulty with coping skills; a history off psychiatric hospitalization during the appeal period; intermittent inability to perform activities of daily living (including medication management and properly budgeting for rent); clinical observation for suicidal ideation due to a previous suicide attempt.

During the assessment, the Veteran’s appearance was noted to be within normal limits; his eye contact was average; his attitude was cooperative; his mood was euthymic; his thought content was notably paranoid; his thought processes were “blocked”; his memory was impaired. Id. He endorsed close relationships with his extended family; he continued to be in a longterm romantic relationship; he denied current suicidal or homicidal ideation; he detailed spiritual involvement; he also described a habit of regular exercise. 

Generally, the details from the Veteran’s psychiatric evaluation align with his testimony before the Board. See October 2020 Board hearing transcript. During his testimony, he detailed difficulty with his own monthly finances. He also described the existence of the following: auditory hallucinations and rambling speech; infrequent panic attacks; unpredictable physical movements; the inability to drive a car; and severe memory loss. Id. The Veteran endorsed a close relationship with his girlfriend, the desire to find a part-time job, and third-party treatment for medication management. Id.

Based on the foregoing, the Board finds that the Veteran’s service-connected psychiatric symptoms warrant a 70 percent rating for the entire period on appeal. The Veteran’s symptoms approach those outlined in the criteria for a 70 percent rating under 38 C.F.R. § 4.130 Diagnostic Code 9211. Particularly critical to the Board’s determination is the Veteran’s clinical engagement due to previous homicidal and suicidal tendencies. See Bankhead v. Shulkin, 29 Vet. Ap. 10, 19 (2017). The Veteran’s risk for harm in this regard is still cause for concern for his team of healthcare providers. In other words, there is no clear indication that his symptoms are in permanent remission. 

The Board finds that a rating greater than 70 percent is not warranted for the period on appeal. The Veteran has maintained a long-term relationship with his girlfriend; he maintains close family relationships; he does not present persistent danger of hurting himself; he continues to seek part-time employment; he continues to exercise and engage in his spiritual community; he does not demonstrate total social impairment. There is no indication from the record that the Veteran experiences any symptoms showing gross impairment in thought processes or communication, or grossly inappropriate behavior. Despite occasional hallucinations and some suicidal or homicidal ideation, the Veteran has not been shown to experience persistent delusions or hallucinations or that he is in persistent danger of hurting oneself or others. The record similarly lacks any indication that the Veteran has had an intermittent inability to perform the activities of daily living, disorientation to time or place, or any sort of memory loss for names of close relatives or his own name. In other words, the record clearly shows that at no time during the appeal did the Veteran experience the criteria for a 100 percent rating. 

Given the frequency, nature, and duration of the Veteran’s symptoms during the appeal period, the Board finds that the Veteran’s psychiatric disability was productive of no more than occupational and social impairment with deficiencies in most areas. See 38 C.F.R. § 4.130, Diagnostic Code 9211. Accordingly, a 70 percent rating is warranted for the entire period on appeal. 

The Board has also considered whether staged ratings under Fenderson, supra, are appropriate for the Veteran's service-connected psychiatric disability; however, the Board finds that his symptomatology has been stable throughout the period on appeal.

In adjudicating the Veteran’s claim, the Board has considered the applicability of the benefit of the doubt doctrine. However, to the extent that a rating in excess of 70 percent is denied, the preponderance of the evidence is against such aspect of the claim. Therefore, the benefit of the doubt doctrine is not applicable to the claim for a rating in excess of 70 percent for the Veteran’s psychiatric disability, and that aspect of the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7; see also Gilbert, supra.

REASONS FOR REMAND

1. Entitlement to TDIU is remanded.

The law provides that a TDIU may be granted upon a showing that the Veteran is unable to secure or follow a substantially gainful occupation due to impairment resulting from his or her service-connected disabilities. See 38 C.F.R. §§ 3.340, 3.341, 4.16. In Rice v. Shinseki, 22 Vet. App. 447 (2009), the United States Court of Appeals for Veterans Claims held that a TDIU claim is part of an increased rating claim when such claim is raised by the record.

Here, the Veteran has asserted that he is unable to work due, in part, to his service-connected psychiatric disability. See October 2020 Board hearing transcript. In light of the Court’s holding in Rice, the Board considers the TDIU claim part and parcel of his increased rating claim. However, the agency of original jurisdiction has not developed or adjudicated that matter in the first instance. As such, the Board finds it prudent to remand it. See, e.g., Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

The matters are REMANDED for the following action:

Provide the Veteran notice regarding the information and evidence necessary to substantiate a claim for a TDIU and undertake any evidentiary development deemed necessary.

 

 

JEREMY J. OLSEN

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board F. Lanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.